# Wickersham's Appeal.

1. It is not obligatory on the register to send a precept to the Common Pleas, directing an issue to be formed upon facts touching the validity of a testamentary writing offered for probate.

2. In the exercise of a sound legal discretion he may decide upon the matters of fact or direct an issue to the Common Pleas.

3. On a proper request for a Register's Court the register has no such discretion ; the requirements of the law are imperative whenever matters difficult to determine come before him.

4. A register heard testimony, upon admitting a will to probate after a caveat ; upon request for a Register's Court, being of opinion that no difficult matter had come before him, he refused the request and decreed that the writing should be admitted to probate, and issued letters testamentary to the executor named in the writing. The Register's Court on appeal decreed that the register's decree be set aside and vacated the letters, and ordered the register to call a Register's Court. *Held* to be error, that upon the appeal the merits of the case were before the Register's Court, and they should have taken testimony and decided the difficult matters in the case.

5. The Register's Court had no power to order the register to call a Register's Court and summarily to set aside the decree·of the register.

February 19th 1874.    Before AGNEW, C. J., WILLIAMS, MERCUR and GORDON, JJ.    SHARSWOOD, J., at Nisi Prius.

Appeal from the Register's Court of *Philadelphia :* No. 45, to July Term 1872. In the matter of the probate, &c., of the will of Eliza C. Wickersham, deceased.

On the 13th of September 1871, Morris S. Wickersham, by his attorney, Samuel Hood, Esq., filed with the register of wills, &c., of Philadelphia, a caveat to the will of Eliza C. Wickersham, deceased. On the 28th of the same month, a paper writing purporting to be the will of Eliza C. Wickersham, was presented to the register for probate. On that day the testimony of the subscribing witnesses was taken.

The testimony of the subscribing witnesses was further taken

[Wickersham's Appeal.]

by the register on different days, from October 3d 1871, to November 20th 1871. On the 20th of December 1871, Morris S. Wickersham and Samuel M. Wickersham filed their request in writing that the register would appoint a Register's Court. Testimony of the subscribing witnesses was afterwards taken on cross-examination from time to time, until January 31st 1872, when the register declined to hear any more testimony of the subscribing witnesses.

On the 2d of February 1872, the register delivered the following opinion and decree :—

* * * "The request for a precept to the Court of Common Pleas, directing an issue to be formed for the purpose before mentioned, is not complied with, because there is no conflict of evidence before the register, and he is clear in his opinion that the court would not permit a verdict against the will to stand upon the testimony before him; they would not permit a judgment to be signed upon such a verdict if rendered, and it would therefore be improper to put the estate and the parties in interest to the expense of a trial, which in his opinion would be without results. Having disposed of the application, it only remains to determine the question of the admission or rejection of the said paper writing to probate, which the register proceeds to do by the entry of the following decree: 'And now, it is ordered and decreed that the said paper writing be and is hereby admitted to probate as the last will and testament of Eliza C. Wickersham, deceased, and that letters testamentary be granted thereon to Cadwalader Wickersham, the executor therein named.' "

On February 2d 1872, Morris S. Wickersham and Samuel M. Wickersham appealed from the decree of the register to the Register's Court, and gave notice to the register not to grant letters testamentary to Cadwalader Wickersham until the decision of the Register's Court has been made in the matter of the appeal.

On the 4th of May 1872, the Register's Court "ordered that the order and decree of the register of wills, entered by him on the 2d day of February 1872, be set aside, and the letters testamentary then granted to Cadwalader Wickersham be revoked; that all acts and orders made by the register in said matter, after the request made by the caveator of the register to appoint a Register's Court, are vacated and set aside; that the register forthwith appoint a Register's Court."

Cadwalader Wickersham appealed to the Supreme Court, and assigned for error—

1. The revoking of the letters testamentary issued by the register to him.

2. Not dismissing the caveator's appeal from the register.

*D. W. Sellers* and *G. W. Biddle*, for appellants, referred to
25 P. F. Smith—22

[Wickersham's Appeal.]

Act of March 15th 1832, sects. 5, 7, 8, 13, 25, 31, 41, Pamph. L. 135, 2 Br. Purd. 1253 *et seq.*, pl. 5, 19, 20, 22; 1 Id. 405 *et seq.*, pl. 2, 3, 8. Under the provisions of these sections the register may proceed to judgment where there are no questions disputable and difficult on the testimony of the subscribing witnesses : Estate of Herron, 6 Phila. R. 86; Cozzens's Will, 11 P. F. Smith 196.

*S. Hood* and *H. M. Phillips* (with whom was *G. Northrop*), for appellees, cited Winpenny's Appeal, 21 P. F. Smith 405.

The opinion of the court was delivered, May 11th 1874, by

MERCUR, J.—It is not obligatory upon the register to issue a precept to the Court of Common Pleas, directing an issue to be formed upon the facts touching the validity of a testamentary writing offered for probate. The language, "it shall be lawful," contained in the thirteenth section of the Act of 15th April 1832, Purd. Dig. 406, pl. 8, is not mandatory upon the register. It does not take from him the exercise of a sound legal discretion. In the exercise of that discretion he may determine whether he will decide upon the matters of fact, or will direct the desired issue to the Common Pleas: Wikoff's Appeal, 3 Harris 281; Cozzens's Will, 11 P. F. Smith 196; Commonwealth *ex rel.* Winpenny *v.* Bunn, 21 Id. 405.

Upon a proper request for a Register's Court, the register has no such discretion. The twenty-fifth section of said act, Purd. Dig. 1255, pl. 20, declares, "where objections are made, or a caveat is entered against the probate of any last will and testament, and no precept for an issue is directed by the register into the Common Pleas as aforesaid; or where objections are made to the granting of letters of administration to any person applying therefor; or where any questions of kindred or other disputable and difficult matter comes into controversy before any register, he shall, at the request of any person interested, appoint a Register's Court for the decision thereof." The word "shall" is imperative upon the register, whenever disputed facts, involving matters difficult to determine, come before him for decision: Commonwealth *ex rel.* Winpenny *v.* Bunn, *supra.*

It is shown that much testimony was taken both before and after the request was made for a Register's Court. Finally the register declined to hear any more. Concluding that no difficult matter had come into controversy before him, so as to require the assistance of the court, he refused to call a Register's Court. He thereupon proceeded and decreed that the instrument be admitted to probate, and that letters testamentary thereon be issued to the appellant, the executor therein named. From that decree the caveators appealed to the Register's Court.

Instead of proceeding to hear the case upon its merits, in the

[Wickersham's Appeal.]

usual and proper manner, the Register's Court ordered and decreed that the aforesaid decree of the register be set aside; that the letters issued to the appellant be revoked; that all acts and orders made by the register after the request made by the caveator to the register to appoint a Register's Court, be vacated, and that the register forthwith appoint a Register's Court.

In so decreeing, we think the court erred. Conceding that upon the facts shown before the register, he ought to have called a Register's Court, yet the court wholly mistook its own powers. It was not reviewing the record of the register upon a certiorari or writ of error; nor was it hearing the case upon a bill in equity. It has not the general powers of a court of equity. It must proceed under and according to the statute. It had no power to order the register to call a Register's Court; nor, in the summary manner in which it acted, to set aside any decree made by the register. Under the appeal, the merits of the case were before it. Its duty was to take the testimony in writing, and make the same a part of the record therein, and upon this testimony so taken, to render a decision on the disputable and difficult matters arising in the case.

The decree of the Register's Court must therefore be reversed, and the case be sent back for trial upon its merits.

> Decree reversed. And now it is ordered that the Register's Court proceed to hear and determine the appeal on the merits of the case; and that in the meantime, and until otherwise decreed, the appellant, Cadwalader Wickersham, be reinstated in all his rights, powers, duties and obligations as executor of said will, and that the appellees pay the costs of this appeal.